IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN GJUROVICH ) | Case No. 1:10-cv-01721 AWI JLT |
| Plaintiff, ) ) | FINDINGS AND RECOMMENDATION TO DENY MOTION TO PROCEED IN FORMA |
| vs. ) ) | PAUPERIS, TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT |
| GMAC MORTGAGE LLC, UNITED STATES OF AMERICA, REAL PARTY ) IN INTEREST, ) ) | (Docs. 1, 2) |
| Defendants. ) | |

Plaintiff, Alan Gjurovich, is seeking to remove an unlawful detainer action filed in the Kern County Superior Court based. (Doc. 1) Gjurovich seeks to challenge the unlawful detainer action and the underling determination that the plaintiff, GMAC, has good title to the subject real property, located at 3018 Linden Avenue, Bakersfield, California, 93307. (Doc. 1 at 3) Currently before the Court, is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc 2)

**I.     The motion to proceed in forma pauperis is recommended to be denied because the matter is frivolous, is filed for purposes of harassment and fails to state a claim.**

On September 20, 2010, Gjurovich filed an application to proceed in IFP pursuant to 28 U.S.C. § 1915. (Doc. 2) Under 28 USC § 1915(e)(2), the Court is obligated to deny the motion to proceed IFP if the allegation of poverty is untrue or the action is frivolous or malicious, it fails

to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune. For the reasons set forth below, the Court recommends that the motion to proceed IFP be **DENIED** and the action be **REMANDED** to the Kern County Superior Court.

### A.    Background

Gjurovich alleges that this Court has jurisdiction because there is a "related" Bankruptcy Court action. He reports that the case number for the "related" United States Bankruptcy Court proceedings is 10-12528.[1,2] However, he provides no information about this proceeding. Instead, Plaintiff attaches numerous filing to his notice of removal from Bankruptcy Court case number 10-14535.

In case number 10-14535, Plaintiff filed this bankruptcy action on April 27, 2010. (Doc. 1) In that action, GMAC sought relief from the automatic stay related to the subject real property located in Bakersfield, California. Id. The basis for this motion was that Gjurovich was not a legal owner of the property, that GMAC had obtained title at a foreclosure sale on November 13, 2008 and had recorded the deed. Id. GMAC reported that it served Plaintiff a notice to quit and, when he failed to do so, initiated an unlawful detainer action. Id. GMAC reported to the Bankruptcy Court that it successfully obtained a writ of possession in December 2009. Id. In its moving papers, GMAC reported also to the Bankruptcy Court that Gjurovich's prior bankruptcy action, in case number 10-10190, was dismissed on June 30, 2010, "for abuse."[3] Id.

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the docket of the United States Bankruptcy Court is subject to judicial notice.

[2] The Court has reviewed the docket for Bankruptcy Court case 10-12528. The Debtor is identified as Olga Lopez. In that action, the Court granted the motion brought by HSBC Bank USA for relief from the automatic stay related to real property (9201 East Wilson Road, Bakersfield, California, 93307). However, this property is a different one that is at issue here which is described as 3018 Linden Avenue, Bakersfield, California, 93307. The Bankruptcy action in case number 10-12528 was dismissed on July 19, 2010. The Court found no reference to Gjurovich in the docket. Therefore, it appears that this Bankruptcy case number was cited in error.

[3] In the Court's ruling, it found that Gjurovich "filed this case in bad faith and that dismissal is appropriate under 11 U.S.C. § 707 (b)(3)(A)." (Bankruptcy Case # 10-10190, Doc. 55)

Review of the docket in Bankruptcy case number 10-14535 reveals that on September 24, 2010, Judge Whitney Rimel found that the automatic stay did not attach.  This ruling reads,

> In 2007, Star Hills ("Hills") borrowed some $222,000 from GMAC or its predecessor, and that loan was secured by a deed of trust on real property commonly described as 3018 Linden Avenue, Bakersfield, California (the "Property").  In November 2008, GMAC acquired title to the Property by a foreclosure sale. GMAC recorded the deed upon sale within the period provided by state law for perfection.
> Various bankruptcy cases have been filed by Star Hills and by the debtor in this case in an effort to prevent GMAC from obtaining possession of the Property.
> On May 12, 2009, Hills filed a chapter 11 bankruptcy case as 09-14472. That case was voluntarily converted to chapter 7 and was dismissed on September 28, 2009. On August 25, 2009, Hills filed a chapter 7 bankruptcy case as 09-18169. That case was dismissed October 1, 2009. The United States Trustee filed an adversary action against Hills as Adversary Proceeding 09-1235.  On February 10, 2010, a judgment barring Hills from filing any bankruptcy case for two years was entered.
> On October 6, 2009, the debtor caused to be recorded a quit claim deed allegedly giving him a 50% interest in the Property.  Also on October 6, 2009, the debtor filed a chapter 7 bankruptcy case as 09-19629. That case was dismissed in January 2010.
> GMAC caused a three day notice to quit to be served on the debtor on March 17, 2009, at the Property. Thereafter, GMAC commenced an unlawful detainer proceeding in state court. On November 19, 2009, a default judgment against the debtor was obtained in the unlawful detainer proceeding, and in December 2009, a writ of possession was obtained.
> On January 11, 2010, the debtor filed another chapter 7 bankruptcy case as 10-10190. That case was dismissed in June 24 2010.
> This case was filed April 27, 2010.
>
> Bankruptcy Code § 362(c) (4) provides that:
>
> "(4) (A) (i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or 28 more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the latter case; and (ii) on request of the party in interest, the court shall promptly enter an order confirming that no stay is in effect."
>
> **This case meets those requirements. Within the last year, the debtor has filed three chapter 7 bankruptcy cases. The first two cases were dismissed with a discharge. Therefore, the automatic stay never went into effect.** Further, even if the automatic stay had gone into effect, there is cause for relief from stay. The debtor's only interest in the Property is that he is in possession. GMAC has title and has obtained an unlawful detainer judgment.
> At the hearing on this motion, the debtor made numerous arguments concerning whether GMAC was entitled to foreclose on the Property in the first place and whether GMAC was entitled to a judgment in the unlawful detainer proceeding.
> Those arguments points to a dispute between Star Hills and the debtor on

>the one hand, and GMAC on the other hand, about the merits of the underlying foreclosure and unlawful detainer arose. The bankruptcy court is not the place to raise such arguments. If judgments of the state court are to be challenged, they must be challenged in the court in which such judgment arose.
>For the foregoing reason, the motion will be granted.

(Emphasis added.)

Kern County Superior Court case number S-1500-CL-237061, entitled <u>GMAC Mortgage, LLC v. Alan Gjurovich and Star Hills</u>, is the unlawful detainer action related to the real property at issue.[4] In that case, GMAC sought to evict Plaintiff and Star Hills from the subject property. The amount in controversy was less than $10,000. Hills filed a bankruptcy action and sought to stay the unlawful detainer action. The stay was imposed initially, but lifted when GMAC showed proof that the bankruptcy action had been dismissed. The matter proceeded to trial and GMAC received a judgment and a writ of possession. Defendant Hills filed a notice of appeal but this was later dismissed. On June 28, 2010, Gjurovich filed a notice of bankruptcy and provided Bankruptcy Court case number 10-14535. As a result, the Kern County Superior Court ordered the action stayed. On September 21, 2010, Gjurovich filed a notice of removal of the Kern County Superior Court action to this Court.

**B.     The current matter**

    **i.     The matter was not timely removed.**

Section 1452(a) of Title 28 of the United States Code provides,

>A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure provides that, if a claim or cause of action is pending when a bankruptcy petition is filed, the deadline for filing a notice of removal is the later of: (1) 90 days after the order for relief, (2) 30 days after the entry of an order terminating the automatic stay if prosecution of the proceeding was stayed

---

[4] For the same reasons set forth in Footnote 1, the Court may take judicial notice of the docket entries of the Kern County Superior Court.

pursuant to 11 U.S.C. § 362, or (3) 30 days after a trustee qualifies in a chapter 11 case but not later than 180 days after the order for relief. Fed.R.Bankr.Proc. 9027(a)(2).

Here, Gjurovich filed his petition for Chapter 7 petition on April 27, 2010. By that time, the State Court proceeding had been underway since March 26, 2009. Therefore, Gjurovich was required to file his notice of removal no later than July 26, 2010. Instead, Gjurovich filed the notice of removal on September 20, 2010.[5] Therefore, the notice of removal was not timely.

### ii.     Equitable considerations weigh in favor of remand.

Section 1452(b) of Title 28 of the United States Code provides in pertinent part that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). The Court finds that equitable considerations weigh in favor of remand.

As noted above, Judge Rimel has determined that Gjurovich's grievances with Star Hills over his alleged ownership interest in the real property and his assertion that GMAC did not acquire good title to the property are not matters of concern in his Bankruptcy Court proceeding. Judge Rimel found,

> At the hearing on this motion, the debtor made numerous arguments concerning whether GMAC was entitled to foreclose on the Property in the first place and whether GMAC was entitled to a judgment in the unlawful detainer proceeding.
>
> Those arguments points to a dispute between Star Hills and the debtor on the one hand, and GMAC on the other hand, about the merits of the underlying foreclosure and unlawful detainer arose. The bankruptcy court is not the place to raise such arguments.  If judgments of the state court are to be challenged, they must be challenged in the court in which such judgment arose.

Therefore, remanding this matter to the state court will have no impact on the Bankruptcy proceeding.

Also, the Kern County Superior Court has determined already that GMAC has good title to the property. It has issued a judgment against Gjurovich and issued a writ of possession requiring him to vacate the real property. Interference by this Court now violates the rules of

---

[5] As noted above, Judge Rimel determined that the automatic stay provision did not apply to his Bankruptcy case. Also, the interim trustee was appointed on April 27, 2010. (Doc 2, Bankruptcy case 10-14)

comity with the state court and would seek, improperly, for this Court to sit in review of the state court action.[6]

Finally, removal of this action at this time would impose a significant hardship on GMAC. Review of the extensive state court proceedings and the myriad of bankruptcy filings made by Gjurovich and his co-defendant Star Hills, make clear that they have improperly used the judicial processes for the purpose of thwarting GMAC's lawful entitlement to possession of the real property. Their actions have been harassing and taken for improper motives. For these reasons, the Magistrate Judge recommends the Court exercise its discretionary authority and **REMAND** this matter to the Kern County Superior Court.

## RECOMMENDATIONS

It appears that Gjurovich's filing here was an improper attempt to thwart the state court lawsuit. The extensive history between these parties make clear that the current removal action is frivolous, sought for purposes of harassment and brought with malicious motives. For the reasons set forth above, the Court hereby **RECOMMENDS** that:

1. The application to proceed in forma pauperis is **DENIED**;
2. The motion to remove the matter is **DENIED**;
3. The matter is **REMANDED** to the Kern County Superior Court;
4. Because the order remanding this matter to state court concludes this case, the Clerk of the Court is ordered to close this matter.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

---

[6] The Court has no jurisdiction to provide appellate review of the state court action, according to the Rooker-Feldman doctrine. Doe v. Mann, 415 F.3d 1038, 1041-1042 (9th Cir. 2005) ("Typically, the Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." (internal quotation marks omitted)); Noel v. Hall, 341 F.3d 1148, 1156, 1158, 1163-64 (9th Cir. 2003) (Rooker prohibits de facto appeals of the state court decisions in federal court and Feldman prohibits a federal district court from considering any issue that "inextricably intertwined"); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 292-293 (2005) (The Rooker-Feldman doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

1  Local Rules of Practice for the United States District Court, Eastern District of California.
2  Within fourteen days after being served with a copy, any party may file written objections with
3  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
4  Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate
5  Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file
6  objections within the specified time may waive the right to appeal the District Court's order.
7  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.

10  Dated:  **September 28, 2010**                          **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE